Receipt #058919

ORIGINAL

ECF

FILED
OCT 9 2003
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STEVE BERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **03-2351C** |
| | ) | |
| **UNITED STATES** | ) | |
| | ) | |
| **Defendant,** | ) | |

**COMPLAINT**

Now comes the Plaintiff, STEVE BERG (hereinafter "Berg"), through his attorney, THOMAS PETERS, and states:

1. This action is brought pursuant to the 28 U.S.C. §§ 1346(a); 1491(a)(1).

2. Plaintiff is a citizen of the United States who is a resident of Cook County, Illinois.

3. All of the relevant acts and omissions occurred within the Northern District of Illinois.

4. Defendant was acting under color of law, particularly through the Federal Bureau of Investigation (hereinafter "FBI") and its employee Robert L. Walker (hereinafter "Walker").

5. In 1997, Plaintiff was charged in a criminal action (United States v. Berg, 97 CR 759) that was assigned to the Honorable Judge John Grady in the Northern District of Illinois.

6. The indictment alleged a fraudulent scheme in violation of 18 U.S.C. § 1343.

7. It was the Government's theory that Plaintiff sold basketball jerseys and other sports memorabilia that were not signed by the prominent athletes whose signatures were on the sports gear.

9. Plaintiff entered into a written plea agreement with the Government pursuant to Rule

11(e)(1)(c) of the Federal Rules of Criminal Procedure. (Plea Agreement attached hereto as Exhibit "1".)

10. By his plea agreement (Exhibit "1"), Plaintiff admitted that he distributed forged sports memorabilia.

11. Plaintiff, however, did not admit, and the Government did not allege, that Plaintiff's entire sports memorabilia inventory was forged or otherwise illegal contraband.

12. Plaintiff always maintained that the vast majority of his sports memorabilia business was entirely legal.

13. The written plea agreement (Exhibit "1") did not authorize the Government, the FBI or its employee, Walker, acting individually or as a representative of the Government, to sell, destroy or in any other way dispose of Plaintiff's un-forged sports memorabilia.

14. On April 6, 1999, Judge Grady presided over Plaintiff's change of plea from not guilty to guilty pursuant to the aforementioned plea agreement (Exhibit "2").

15. An Agreed Order Regarding the Disposition of Property also was signed on April 6, 1999, as part of the plea agreement (Exhibit "3"). (Agreed Order attached hereto as Exhibit "3").

16. That order authorized the FBI, through Walker, to dispose of "forged" sports memorabilia.

17. The forged items, but only the forged ones, were to be donated to a charity.

18. During the course of the change of plea hearing, the prosecutor also advised Judge Grady of the agreement to dispose of the "forged" sports memorabilia. (Exhibit "2").

19. The agreement covered "the forged or the altered material" according to the prosecutor. Neither the "Agreed Order" (Exhibit "2") nor any oral representations made during the course of the plea hearing authorized the Government, the FBI, or Walker to dispose of un-

forged sports memorabilia.

20. On November 4, 1999, Judge Grady presided over Plaintiff's sentencing hearing.

21. Judge Grady sentenced Plaintiff to fifteen months, which deviated (upward) from the plea agreement (Exhibit "1").

22. Plaintiff elected to accept the sentence imposed by Judge Grady rather than withdraw the plea, though he was entitled under Rule 11(e)(1)(c) to withdraw the plea.

23. The sentence also required a three-year period of supervised release and $26,000 in restitution.

24. After Plaintiff was sentenced, the FBI through its employee Walker caused all of Plaintiff's sports memorabilia to be donated to unknown charities.

25. The Government, the FBI and its employee Walker knew that the "Agreed Order" (Exhibit "2") only authorized disposition of forged sports memorabilia.

26. The FBI through Walker knowingly and intentionally violated the Agreed Order.

27. The FBI through Walker's acts violated the Agreed Order (Exhibit "2") and resulted in the loss of several hundred thousand dollars of Plaintiff's lawfully earned sports memorabilia.

28. The FBI through Walker's acts violated Plaintiff's constitutional right to due process of law.

29. The FBI through Walker violated Plaintiff's Fifth Amendment Rights guaranteed by the United States Constitution.

30. Plaintiff has demanded the return of all un-forged sports memorabilia, but the Government and the FBI has refused to return that property or otherwise compensate Plaintiff for his loss

WHEREFORE, Plaintiff prays the Court will award damages against United States in an

amount in excess of $250,000.

Respectfully Submitted,

2/25/03

THOMAS PETERS
Attorney for Plaintiff
542 S. Dearborn, Suite 750
Chicago, IL 60605
312-697-0022
312-697-0812 (facsimile)