UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 97 CR 759 |
| | ) | Judge John F. Grady |
| STEVEN D. BERG | ) | |

DOCKETED
MAR 2 1998

AGREED ORDER REGARDING DISPOSITION OF PROPERTY

This matter came before the Court on the joint motion of the parties regarding the disposition of certain property seized from defendant STEVEN D. BERG. Based upon the representations of the parties, the Court makes the following findings:

1. The Federal Bureau of Investigation (FBI) is currently is in possession of numerous items of forged or altered sports memorabilia, consisting primarily of jerseys, basketballs, baseballs, and other miscellaneous athletic equipment, which was seized from defendant BERG pursuant to a federal search warrant (hereinafter the "forged sports memorabilia").

2. As a result of defendant's plea of guilty, and his continued cooperation in this investigation, the FBI no longer needs to retain as evidence each and every item of forged sports memorabilia seized from the defendant, but instead can photograph the items and retain a lesser number of items as evidence.

3. The items of forged sports memorabilia have a de minimis value because all of the signatures appearing on the times are forged.

4. The FBI has the ability to mark the forged items with ink so that it would be obvious to any person that these items are not

EXHIBIT
3

21

genuine autographed sports memorabilia. (The FBI has already done this in other similar cases).

5. As part of his plea agreement, defendant BERG agreed to forfeit the forged sports memorabilia to the United States, to be disposed according to law.

6. Defendant BERG desires and is willing to donate the items of forged sports memorabilia to one or more charities that will distribute the items to needy boys and girls throughout the Chicago area, and has represented to the Court his willingness to do so without taking any deduction on his income tax returns for these donations.

Accordingly, IT IS hereby ORDERED, DIRECTED AND ADJUDGED:

1. As to any items of forged sports memorabilia seized from defendant STEVEN D. BERG that the FBI no longer requires for evidentiary purposes, the FBI shall mark these items with ink in such a way that it will be obvious to any person that these items are not genuine autographed sports memorabilia, and in such a way that if efforts are made to remove the mark the forged signatures will also be removed;

2. After the items of forged sports memorabilia are marked as directed in paragraph 1 above, the FBI may cause the items so marked to be immediately donated to a charitable institution;

3. Nothing in this Order shall diminish or eliminate any of defendant's other obligations under the Plea Agreement.

DATED: April 6, 1999

John F. Grady
United States District Judge