**No. 03-2351C**
**(Judge Sypolt)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STEVE BERG**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

---

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**MARK A. MELNICK**
**Assistant Director**

**CHRISTIAN J. MORAN**
**Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit**
**8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tele: (202) 307-6299**
**Fax: (202) 514-7969**

**Attorneys for Defendant**

**OF COUNSEL:**

**ERNEST Y. LING**
**Assistant United States Attorney**
**Northern District of Illinois**

**MICHAEL DUCLOS**
**Assistant General Counsel**
**Federal Bureau of Investigation**

**December 4, 2003**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . ii

QUESTIONS PRESENTED . . . . . 1

STATEMENT OF THE CASE . . . . . 1

I. Statement Of The Case . . . . . 1

II. Statement Of Facts . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . 2

ARGUMENT . . . . . 3

I. Standard Of Review . . . . . 3

II. This Court Lacks Subject Matter Jurisdiction To Entertain An Alleged Breach Of Contract Relating To A Criminal Case . . . . . 4

III. This Court Lacks Subject Matter Jurisdiction To Consider An Alleged Violation Of The Fifth Amendment When That Claim Is Premised Upon The Facts Surrounding, And An Interpretation Of, A Plea Agreement In A Criminal Case . . . . . 7

A. A Breach Of Contract Claim Cannot Be Disguised As A Takings Claim . . . . . 7

B. This Court Cannot Entertain A Takings Claim Based Upon The Facts And Circumstances, Surrounding And Interpretation Of, A Criminal Plea Agreement 8

CONCLUSION . . . . . 12

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bay View, Inc. v. United States*, 278 F.3d 1259 (Fed. Cir. 2001), reh'g and reh'g en banc denied, 285 F.3d 1035, cert. denied, ___ U.S. ___, 123 S.Ct. 114 (2002) . . . . . . . 9

*Bowman v. United States*, 35 Fed. Cl. 397 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*C.J. Hendry Co. v. Moore*, 318 U.S. 133 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Castle v. United States*, 301 F.3d 1328 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Collier v. United States*, 56 Fed. Cl. 354 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hughes Communication Galaxy, Inc. v. United States*, 271 F.3d 1060 (Fed.Cir. 2001) . . . . . . . 7

*Indium Corporation of America v. Semi-Alloys, Inc.*, 781 F.2d 879 (Fed. Cir.1985), cert. denied, 479 U.S. 820 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Institut Pasteur v. United States*, 814 F.2d 624 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Interstate Cigar Co. v. United States*, 32 Fed. Cl. 66 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kania v. United States*, 227 Ct. Cl. 458, 650 F.2d 264 (1981) . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10

*Longshore v. United States*, 77 F.3d 440 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Palaan v. United States*, 51 Fed. Cl. 738 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reynolds v. Army & Air Force Exch. Service*, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 3

*Sadeghi v. United States*, 46 Fed. Cl. 660 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sanders v. United States*, 252 F.3d 1329 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9

*Santobello v. New York*, 404 U.S. 257 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Silva v. United States*, 51 Fed. Cl. 374 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10, 11

*Thoen v. United States*, 765 F.2d 1110 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Vereda, LTDA v. United States*, 271 F.3d 1367 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 11

## FEDERAL STATUTES

18 U.S.C. § 981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1346(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEVE BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2351C |
| | ) | (Judge Sypolt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (the "RCFC"). In support of our motion, we rely upon the complaint ("Compl.") and this memorandum.

**QUESTIONS PRESENTED**

I. Whether the Court possesses subject matter jurisdiction to entertain a cause of action for breach of a plea agreement resolving a criminal prosecution before a Federal district court.

II. Whether the Court possesses subject matter jurisdiction to entertain a cause of action for the taking of property without reasonable compensation when the plaintiff's interest, if any, in the property depends upon the interpretation of a plea agreement resolving a criminal prosecution.

**STATEMENT OF THE CASE**

I. **Statement Of The Case**

Plaintiff, Steve Berg, brings this action pursuant to 28 U.S.C. §§ 1346(a) and 1491(a)(1). Compl. ¶ 1. The complaint alleges that the Government violated Mr. Berg's rights protected by the Fifth Amendment of the United States Constitution. Compl. ¶ 28, 29. The complaint also claims that the United States breached an agreement that resolved a criminal prosecution against

Mr. Berg. Compl. ¶ 26.

II. **Statement Of Facts**

In 1997, the United States charged Mr. Berg with violating 18 U.S.C. § 1343 by engaging in a scheme in which Mr. Berg sold sports memorabilia with forged autographs. Compl. ¶ 5 - 7. As part of this prosecution, the Government executed search warrants and seized, among other items, sports merchandise from Mr. Berg. The seized property included sports memorabilia with forged signatures and sports memorabilia without forged signatures.

On April 6, 1999, Mr. Berg and the United States entered into a written plea agreement in which Mr. Berg admitted his guilt. Compl. ¶ 9 - 10, Compl. Ex. 1. On April 6, 1999, in the United States District Court for the Northern District of Illinois, Eastern Division, Mr. Berg pled guilty. Compl. ¶ 14, Compl. Ex. 2 p. 22. On November 4, 1999, the District Court sentenced Mr. Berg. Compl. ¶ 21, 23.

After Mr. Berg was sentenced, the Government donated all the sports memorabilia that had been seized from Mr. Berg to charities. Compl. ¶ 24. Mr. Berg is now requesting compensation for the sports memorabilia that was not forged.

## SUMMARY OF THE ARGUMENT

This Court lacks subject matter jurisdiction to entertain the complaint. In essence, Mr. Berg alleges that the United States did not abide by the terms of the plea agreement. Although plea agreements are contracts, the United States Court of Appeals for the Federal Circuit, the Court of Claims, and this Court have consistently ruled that this Court (or its predecessors) cannot interfere with the functioning of the criminal justice system. Accordingly, this Court should dismiss the complaint to the extent that it alleges a breach of a plea agreement.

This Court does not possess subject matter jurisdiction to entertain Mr. Berg's claim based upon a violation of the Fifth Amendment by taking property without paying reasonable compensation. The takings theory, properly understood, depends upon the interpretation of the plea agreement. As such, this Court cannot resolve the takings count for the reasons previously stated. Moreover, any remedy under a takings theory would overlap entirely with the remedy for breach of contract. When the remedies claimed under contract are co-extensive with the remedies claimed under the Takings clause, there is no taking under the Constitution.

## ARGUMENT

### I. Standard Of Review

"Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of Plaintiff's claims." Collier v. United States, 56 Fed. Cl. 354, 357 (2003) (citing Steel Co. v. Citizens for a Better Env't., 523 U.S. 83 (1998)). The rules of this Court contemplate dismissal of a complaint that does not properly invoke subject matter jurisdiction and the requisite waiver of sovereign immunity. RCFC 12(b)(1), 12(h)(3). When challenged by a Rule 12(b)(1) motion to dismiss, a plaintiff bears the burden of proving the soundness of its allegations of jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). The Court's review of any "jurisdictional facts" does not convert a motion to dismiss into one for summary judgment. Indium Corporation of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986). If the Court finds jurisdiction lacking as a matter of law, dismissal is required. Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985).

## II. This Court Lacks Subject Matter Jurisdiction To Entertain An Alleged Breach Of Contract Relating To A Criminal Case

This Court lacks jurisdiction to entertain this claim because it is based upon facts and circumstances deriving from a criminal investigation and prosecution. Although the Tucker Act vests the Court of Federal Claims with "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States," 28 U.S.C. § 1491(a)(1), this Court's contract jurisdiction does not extend to every possible situation where the Government is said to have made an agreement. See, e.g., Institut Pasteur v. United States, 814 F.2d 624, 628 (1987). In granting this Court jurisdiction to entertain Government contracts,

> the Congress undoubtedly had in mind as the principle class of contract cases in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves.

Kania v. United States, 227 Ct. Cl. 458, 464, 650 F.2d 264, 268 (1981). This Court possesses jurisdiction to entertain contract disputes when the contract relates to the acquisition of goods or services procured for the public benefit. Id. Some contracts, especially those that arise in the context of a criminal prosecution, are necessarily excluded from the type of contract over which this Court possesses subject matter jurisdiction. Thus, in Kania, when the plaintiff claimed the Government breached an agreement in which the Government promised him immunity from prosecution, the Court of Claims granted the Government's motion for summary judgment when the court's "very specific jurisdictional standards have not been met." Id., 227 Ct. Cl. at 466, 650 F.2d at 269. "The contract liability which is enforceable under the Tucker Act consent to suit

does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds." Kania, 227 Ct. Cl. at 464, 650 F.2d at 268. Several decisions have followed Kania. See Silva v. United States, 51 Fed. Cl. 374, 377 (2002) (collecting cases).

The holding in Kania — that the Tucker Act does not confer jurisdiction to hear cases for breach of contracts related to criminal prosecutions — does not rest upon the specific facts in that case. Instead, the Court of Claims addressed concerns that are present in all contracts relating to criminal contracts, including plea bargain agreements such as the one at issue here.

> [T]he role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court. It would be reasonable to expect that the court which is to police and, in appropriate cases enforce, agreements for plea bargains . . . will be the courts in which are or will be pending the criminal prosecutions to which the agreements relate. If this means that money damages for breach are nowhere available, this is the case in any claim area where the Congress has not seen fit to grant its consent to be sued. It is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials.

Kania, 227 Ct. Cl. at 465-66, 650 F.2d at 268-69.

The Federal Circuit confirmed, in 2001, that the restriction announced in Kania remains valid. Sanders v. United States, 252 F.3d 1329 (Fed. Cir. 2001). After reviewing Kania and subsequent decisions on similar topics, the Federal Circuit narrowly circumscribed when the Court of Federal Claims possesses jurisdiction where a contract related to a criminal prosecution is allegedly breached: "a claim for money damages for the alleged breach of such an agreement may not be maintained unless that agreement clearly and unmistakably subjects the government to monetary liability for any breach." Id. at 1335. The Federal Circuit repeated the rationale for

precluding Court of Federal Claims jurisdictions to entertain alleged breaches of contracts arising in a criminal context:

> important policy considerations [] support this rule. United States district courts and corresponding state courts, for example, are assigned the primary role in overseeing and enforcing agreements that arise out of and implicate the criminal justice system. . . . the Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed.

Id. at 1335-36.

In this case, the plea agreement fails to qualify as a contract that can serve as the basis for a claim for money damages as set forth in Sanders. The plea agreement does not discuss what would happen if the Government breached the contract. Compl., Ex. 1. When a contract does not even mention the possibility of a breach by the Government, it is impossible to say that the Government agreed "clearly and unmistakably" to pay money damages for its breach. Indeed, the contract fails to express how damages would be calculated if the contract was breached.

Accordingly, because adjudicating the complaint requires that this Court interpret a plea agreement that does not "clearly and unmistakably subject the government to monetary liability for any breach," the Court of Federal Claims lacks subject matter jurisdiction. Sanders, 252 F.3d at 1331 (affirming this Court's dismissal for lack of subject matter jurisdiction); Silva, 51 Fed. Cl. at 377 ("this Court has generally held that it does not possess subject matter jurisdiction over agreements made in the course of criminal proceedings"); Sadeghi v. United States, 46 Fed. Cl. 660 (2000) (granting motion to dismiss for lack of subject matter jurisdiction when complaint alleged breach of promise to protect plaintiff).

## III. This Court Lacks Subject Matter Jurisdiction To Consider An Alleged Violation Of The Fifth Amendment When That Claim Is Premised Upon The Facts Surrounding, And An Interpretation Of, A Plea Agreement In A Criminal Case

Mr. Berg's complaint alleges a violation of the Fifth Amendment. Compl. ¶ 28 - 29. We assume that Mr. Berg is referring to the "takings clause." Although the Court may construe the complaint as asserting a theory that the Government took Mr. Berg's property without just compensation, the Court could not award relief upon this basis because this theory depends on the interpretation (and breach) of the plea agreement. Accordingly, the Court should dismiss this aspect of the complaint.

### A. A Breach Of Contract Claim Cannot Be Disguised As A Takings Claim

When the Government breaches a contract, the remedy is usually to compensate the other party in accordance with the laws governing contracts. A breach of contract that causes the Government to obtain the other party's property does not create a taking because a remedy lies in contract. Castle v. United States, 301 F.3d 1328, 1342 (Fed. Cir. 2002) ("we hold that even assuming the [the Government] breached a contract the government had with [the plaintiffs], it did not constitute a taking of the contract."); Hughes Communication Galaxy, Inc. v. United States, 271 F.3d 1060, 1070 (Fed. Cir. 2001).

Here, Mr. Berg primarily alleges that the Government breached the plea agreement with him. Mr. Berg has made the plea agreement Exhibit 1 to the complaint. This prominent position indicates that the nub of this lawsuit is an alleged breach of contract, the plea agreement. See also Compl. ¶¶ 9, 10, 13, 19 (discussing written agreement). For the reasons stated above and below, this Court lacks subject matter jurisdiction when adjudicating the plaintiff's allegation would require this Court to examine the facts and circumstances of a criminal prosecution.

**B. This Court Cannot Entertain A Takings Claim Based Upon The Facts And Circumstances, Surrounding And Interpretation Of, A Criminal Plea Agreement**

The Government may retain any property used in the commission of a crime without paying compensation. Palaan v. United States, 51 Fed. Cl. 738, 752 (2002), citing C.J. Hendry Co. v. Moore, 318 U.S. 133, 137-38 (1943). See also Bowman v. United States, 35 Fed. Cl. 397, 406 (1996) ("all property owners currently hold their property subject to the restriction that if they use it in the commission of a criminal offense it is forfeitable."); Interstate Cigar Co. v. United States, 32 Fed. Cl. 66, 69 (1994). Mr. Berg implicitly concedes this distinction because, in his complaint, he does not seek compensation for "forged items" that the Government retained. See, e.g., Compl. ¶ 17 ("The forged items, but only the forged items, were to be donated to charity.") Thus, Mr. Berg is requesting compensation for his property that was not forged. See, e.g., Compl. ¶ 12 ( "Plaintiff always maintained that the vast majority of his sports memorabilia business was entirely legal.")

The unforged sports memorabilia was subject to forfeiture. See 18 U.S.C. § 981 (civil forfeiture statute). Although the unforged sports memorabilia was forfeitable, the Government did not need to resort to a formal forfeiture proceeding because Mr. Berg surrendered any interest in the unforged sports memorabilia as part of his plea agreement. To determine whether Mr. Berg possesses an interest in the unforged merchandise requires an interpretation of the plea agreement.

Should the Court exercise jurisdiction over the case, the Court would have to evaluate whether Mr. Berg has any rights to the property that he is claiming. "In a takings analysis, a court first determines whether the plaintiff possesses a valid interest in the property affected by

the governmental action." Bay View, Inc. v. United States, 278 F.3d 1259, 1263 (Fed. Cir. 2001), reh'g and reh'g en banc denied, 285 F.3d 1035, cert. denied, ___ U.S. ___, 123 S.Ct 114 (2002). "The definitive issue with respect to appellant's takings claim, however, is whether appellant had a property interest that was taken from him by government action." Longshore v. United States, 77 F.3d 440, 443 (Fed. Cir. 1996).

Whether Mr. Berg relinquished his rights, if any, to the unforged merchandise depends upon the interpretation of the plea agreement. If Mr. Berg agreed that the Government would keep (and ultimately donate to charity) all the merchandise that the Government seized,[1] then Mr. Berg would no longer have an interest in the unforged merchandise. Without a property interest, Mr. Berg cannot claim that the Government took his property. Bay View, 278 F.3d at 1263 (affirming dismissal of takings count for failure to state a claim when plaintiff did not possesses an interest in the property affected by the Government's acts); Longshore, 77 F.3d at 443 (affirming dismissal of takings count for failing to state a claim upon the ground that appellant did not have a property right). The interpretation of the plea agreement, therefore, may be decisive.

As stated previously, the Court of Federal Claims should avoid interpreting an agreement resolving a criminal case. "[T]he Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed." Sanders, 252 F.3d at 1336, citing Santobello v. New York, 404 U.S. 257, 263 (1971).

---

[1] Contrary to Mr. Berg's assertion (Compl. ¶ 19), we believe that Mr. Berg authorized the Government to dispose of all merchandise. It is this disagreement in interpretation that this Court cannot adjudicate.

Because the interpretation of the plea agreement is the first step in analyzing Mr. Berg's claim for reasonable compensation and because this Court lacks subject matter jurisdiction to interpret the plea agreement, this Court lacks subject matter jurisdiction to hear Mr. Berg's claim that the Government has taken his unforged merchandise without just compensation. See Silva, 51 Fed. Cl. at 379 (granting motion to dismiss takings claim for lack of subject matter jurisdiction).

The Court's reasoning in Silva supports strongly our position that this Court should not interfere with criminal proceedings that involve the surrender of property rights. In January 1992, the Government seized 103 parrots in which Mr. Silva possessed some interest. In April 1992, the Government, arguably, obtained the right to dispose of the parrots because they were diseased. Later, pursuant to a plea agreement, Mr. Silva pled guilty to three crimes. Thereafter, Mr. Silva discovered that the parrots were not diseased. Id. at 376. Mr. Silva brought a takings claim in this Court seeking damages equal to the value of the parrots. Id. at 378-79. The Court granted the Government's motion to dismiss for lack of jurisdiction. According to Silva, the policy, which was articulated in Kania, preventing this Court from entertaining breaches of contract arising in the criminal context, also prevents the Court from entertaining takings challenges that arise in the criminal context:

> the rationale of Kania that this Court does not usually have jurisdiction under the Tucker Act for contract claims arising out of sovereign functions such as the criminal justice system, in part, "because the role the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court," Kania, 227 Ct. Cl. at 465, 650 F.2d 264, is equally applicable to a claim "founded ... under the Constitution," such as the takings claim in this specific case because a comparable remedy is potentially available in a criminal proceeding before the district court.

Id. at 378.

Mr. Berg's case is analogous to Silva. Like Mr. Silva, Mr. Berg is attempting to obtain the monetary value of property seized in a criminal investigation and then disposed of by the Government. The same policy reasons that prompted the dismissal of Mr. Silva's lawsuit should cause the Court to dismiss Mr. Berg's lawsuit. See also Vereda, LTDA v. United States, 271 F.3d 1367 (Fed. Cir. 2001) (holding that the Court of Federal Claims lacks subject matter jurisdiction to hear challenges to in rem forfeiture proceedings on the ground that Congress established a separate statutory scheme for these challenges.)

For these reasons, this Court lacks jurisdiction to entertain Mr. Berg's taking theory. The question of Mr. Berg's ownership of the unforged merchandise presents a legal question, to which the answer depends upon an interpretation of his plea agreement. This Court is not the proper forum to interpret his plea agreement, nor is this Court the proper forum to question the propriety of the Government's retention of the goods that were seized during a criminal investigation. Therefore, this Court necessarily lacks the authority to address the merit of Mr. Berg's taking theory.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the complaint be dismissed on the ground that the Court lacks subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

s/ CHRISTIAN J. MORAN
CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 307-6289
Facsimile: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

ERNEST Y. LING
Assistant United States Attorney
Northern District of Illinois
United States Department of Justice
219 South Dearborn St., 5th floor
Chicago, IL 606064

MICHAEL DUCLOS
Assistant General Counsel
Federal Bureau of Investigation
935 Pennsylvania Ave.
Room 7927
Washington, DC 20535

Dated: December 4, 2003