# In the United States Court of Federal Claims

No. 03-2351C
**ELECTRONIC CASE FILING**

(Filed February 10, 2004)

| | |
|---|---|
| ****************************** | * |
| **STEVE BERG**, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| | * |
| **THE UNITED STATES**, | * |
| | * |
| Defendant. | * |
| ****************************** | * |

## Order

On July 22, 2003, plaintiff's prior complaint, Berg v. U.S., No. 03-489C, was dismissed, without prejudice, due to his counsel's unexplained failure to become a member of this court's bar, as required by Rule 83.1(a) of the Rules of the United States Court of Federal Claims ("RCFC").

On October 9, 2003, after plaintiff's counsel was admitted to the bar, plaintiff refiled the complaint.

On the same day, by Notice of Designation ("Notice"), see United States Court of Federal Claims General Order No. 42, the parties were informed that the case has been designated an electronic case in the court's case management/electronic case filing ("CM/ECF") system. The Notice also informed the parties that they

were required to "immediately obtain a CM/ECF account" and that the clerk's office would serve electronically-filed documents by mail for only thirty (30) days after the case was opened.

On December 4, 2003, defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction. See RCFC 12(b)(1). Plaintiff's response, due on or before January 5, 2004, has not been filed.

By order of January 28, 2004, delivered by first class mail, the court again directed plaintiff's counsel to comply with the requirements of the Notice and to respond to all pending motions, on or before February 6, 2004.

Nevertheless, as of this date, neither plaintiff nor his counsel has obtained a CM/ECF account.

RCFC 41(b) states: "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, the court may dismiss on its own motion . . . an action or any claim."

On or before February 18, 2004, plaintiff shall show cause why the complaint should not be dismissed with prejudice, pursuant to RCFC 41(b), for failure to respond to the motion to dismiss and for failure to comply with the Notice or the court's orders regarding the Notice requirements.

Failure to timely respond to this order shall result in immediate dismissal, with prejudice, of the complaint. See, e.g., **Claude E. Atkins Enterprises, Inc. v. United States**, 899 F.2d 1180 (Fed. Cir. 1990) (upholding dismissal pursuant to Rule 41(b), not designated without prejudice, when plaintiff failed to comply with court order).

The clerk shall serve a copy of this order on plaintiff by certified mail, return receipt requested.

s/ Diane Gilbert Sypolt
DIANE GILBERT SYPOLT
Judge, U.S. Court of Federal Claims