**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**No. 03-2351C**

| | | |
|---|---|---|
| **STEVE BERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 03-2351 C** |
| **v.** | ) | |
| | ) | **Honorable Diane Sypolt,** |
| **UNITED STATES** | ) | **Presiding.** |
| | ) | |
| **Defendant,** | ) | |

**PLAINTIFF=S RESPONSE TO RULE TO SHOW CAUSE**

Now comes the Plaintiff, STEVE BERG, by and through his attorney, THOMAS PETERS, who in Response to the Rule to Show Cause states as follows:

1. On March 3, 2003, Plaintiff filed a complaint (No. 03-489 C) and submitted with it an application for admission to the bar of the United States Court of Federal Claims.

2. The United States filed a Motion to Dismiss and supporting memorandum, and Plaintiff filed a response to the Motion to Dismiss.

3. During the approximately six months from the filing of the complaint until July, 2003, Plaintiff=s counsel assumed his application for admission was being processed.

4. In late June or early July, 2003, counsel learned for the first time that his application was not being processed, for reasons still unknown.

5. On July 22, 2003, the Court dismissed Case No. 03-489 without prejudice until such time as counsel was admitted to practice before the United States Court of Federal Claims.

6. At about the same time, counsel learned that one of his children had B-cell lymphoma and needed immediate chemotherapy.

7. For the next two months, his daughter was hospitalized most of the time. She still is receiving chemotherapy and her treatment will continue for at least another year, if all goes well.

8. For those reasons, counsel did not re-file Mr. Berg=s Complaint until October 9, 2003.

9. On the same day, the Notice of Designation as a CM/ECF case was entered. However, counsel never received notice of the electronic filing designation.

10. During mid to late November, 2003, counsel called the Clerk=s office and was told the Government had not filed a response to the Complaint.

11. Throughout December and January counsel=s daughter was experiencing many adverse reactions to the chemotherapy.

12. Nonetheless, during those months, counsel tried two felony cases, filed three appellate briefs, and settled a complex class action.

13. Plaintiff=s counsel never received notice of the Government=s motion to dismiss, filed on December 4, 2003.

14. On January 28, 2004, the Clerk=s office mailed to counsel an order directing him to comply with the electronic filing procedures by February 6, 2004.

15. The January 28 the order was not received until February 7, 2004, and that order was the first notice counsel had the electronic filing was required. (Electronic filing was not used in the first case, No. 03-489 C and the October 9, 2003, order concerning electronic filing never was received by counsel.)

16. Upon receipt of the order to establish an account for electronic filings, counsel immediately attempted to comply. The system, however, would not accept his attempt to comply via the internet. Consequently, counsel had to wait (see attached for a letter confirming his account and password). That confirmation was not received until February 13, 2004.

17. By then the Court had entered a Rule to Show Cause (February 10, 2004) which required a response by February 18, 2004. The rule to show cause order was received on February 19, 2004, a day after the response was due, and less than a week after counsel was able to secure the necessary electronic filing account and password.

18. At the same time the Rule to Show Cause was received, counsel=s daughter again was hospitalized and counsel was unable to attend to this case for several days.

19. Counsel meant no disregard to this Honorable Court or the Government and apologizes for any delay he has caused.

20. Counsel will need at least thirty days to respond to the Government=s Motion to Dismiss.

WHEREFORE, Plaintiffs pray the Court: a) will discharge the Rule to Show Cause; and b) will grant Plaintiff to and including March 25, 2004, to file his response to the Motion to Dismiss.

_____________________________
THOMAS PETERS
ATTORNEY FOR PLAINTIFF
542 S. Dearborn Street
Suite 750
Chicago, Illinois 60605
312-697-0022