**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEVE BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2351C |
| | ) | (Judge Sypolt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant, the United States, respectfully files this reply in support of our Motion To Dismiss The Complaint For Lack Of Subject Matter Jurisdiction ("Mot."). Because the arguments presented in the plaintiff's Response To Defendant's Motion To Dismiss For Lack Of Jurisdiction ("Opp.") are inconsistent with controlling authority, this Court should grant our motion and dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (the "RCFC").

I. Standard Of Review

Our motion seeks the dismissal of the complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Therefore, Mr. Berg has the burden of showing the truthfulness of the allegations that establish the subject matter jurisdiction of this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

II. Contracts Relating To A Criminal Case Are Special Contracts Outside This Court's Jurisdiction Pertaining To Most Contracts

Mr. Berg observes correctly that the Tucker Act authorizes this Court to entertain cases based "upon any express or implied contract." Opp. at 2, quoting 28 U.S.C. § 1491.

Mr. Berg asserts that his plea agreement is a contract. Opp. at 2. Mr. Berg concludes that therefore this Court possesses jurisdiction to entertain claims for breach of plea agreements. Despite its superficial logic, this argument is not correct. Binding precedent, both long-standing and recent, explains that contracts relating to criminal prosecutions are not within the jurisdiction of this Court. See Sanders v. United States, 252 F.3d 1329 (Fed. Cir. 2001); Kania v. United States, 227 Ct. Cl. 458, 464, 650 F.2d 264, 268 (1981). More than 20 years ago, the Court of Claims rejected Mr. Berg's syllogism: "The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds." Kania, 227 Ct. Cl. at 464, 650 F.2d at 268.

Mr. Berg's attempt to distinguish Sanders and Kania is meritless. Mr. Berg unduly restricts Kania (Opp. at 4-8) to its exact factual situation.[1] The holding in Kania — that the Tucker Act does not confer jurisdiction to hear cases for breach of contracts related to criminal prosecutions — does not rest upon the specific facts in that case. Instead, the Court of Claims addressed concerns that are present in all contracts relating to criminal contracts, including plea bargain agreements at issue here.

> [T]he role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court. It would be reasonable to expect that the court which is to police and, in appropriate cases enforce, agreements for plea bargains . . . will be the

---

[1] Additionally, it appears that Mr. Berg has not described the factual circumstances with accuracy. Mr. Berg states that in Kania, "the plaintiff filed a claim for attorney's fees and expenses." Opp. at 4. However, the Court of Claims rejected a theory of recovery based upon contract: "Plaintiff Kania asserts that he is not seeking the costs of litigation or attorney's fees, as such, rather he seeks damages arising from the government's breach of contract." Kania, 227 Ct. Cl. at 467, 650 F.2d at 269.

> courts in which are or will be pending the criminal prosecutions to which the agreements relate. If this means that money damages for breach are nowhere available, this is the case in any claim area where the Congress has not seen fit to grant its consent to be sued. It is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials.

Id., 227 Ct. Cl. at 465-66, 650 F.2d at 268-69. Mr. Berg has not articulated any reason that this Court should deviate from the sweeping statements in Kania for his case.

Mr. Berg's attempts (Opp. 6-8) to limit Sanders are similarly infirm. Mr. Sanders sought damages from the Government's alleged breach of a stipulated bail agreement. Sanders, 252 F.3d at 1332-33. The Federal Circuit affirmed the decision by the Court of Federal Claims to dismiss Mr. Sander's lawsuit for lack of subject matter jurisdiction. After discussing the general rule that prohibits this Court from entertaining alleged breaches of contracts arising from criminal prosecutions, the Federal Circuit repeated the rationale:

> important policy considerations [] support this rule. United States district courts and corresponding state courts, for example, are assigned the primary role in overseeing and enforcing agreements that arise out of and implicate the criminal justice system. . . . the Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed.

Id. at 1335-36. Given these broad statements, neither Kania nor Sanders should be limited to situations in which "a plaintiff requested damages in addition to specific enforcement of an agreement with federal prosecutors," as Mr. Berg mistakenly argues. Opp. at 7.

Mr. Berg also invokes the unmistakability doctrine, as discussed in Winstar v. United States, 518 U.S. 839 (1996). Opp. at 9-12. Contrary to Mr. Berg's argument, this doctrine does not authorize this Court to entertain his case.

Our motion to dismiss raises whether this Court possesses jurisdiction. "Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of Plaintiff's claims." Collier v. United States, 56 Fed. Cl. 354, 357 (2003) (citing Steel Co. v. Citizens for a Better Env't., 523 U.S. 83 (1998)). Thus, the issue of this Court's jurisdiction is, in fact, the "real question." Contra Opp. at. 10.

Winstar does not change the rule that bars this Court from entertaining Mr. Berg's claims. In holding that this Court lacks subject matter jurisdiction to entertain claims based upon contracts derived from criminal prosecutions, the Federal Circuit explicitly considered the Supreme Court's decision in Winstar. Sanders, 252 F.3d at 1334.[2] Although Sanders quoted Winstar as saying that "damages are always the default remedy for breach of contract," Id. (quoting Winstar, 518 U.S. at 885), the Federal Circuit held that "a different rule obtains where the agreement is entirely concerned with the conduct of the parties in a criminal case." Sanders, 252 F.3d at 1334.

When an agreement is "entirely concerned with the conduct of the parties in a criminal case," the Court of Federal Claims possesses subject matter jurisdiction only when that "agreement clearly and unmistakably subjects the government to monetary liability for any breach." Id. at 1335. Mr. Berg has failed to show how his agreement subjected the

---

[2] Mr. Berg makes another error when he states that "Winstar . . . is not mentioned in Sanders." Opp. at 9.

Government to monetary liability. For example, Mr. Berg has failed to show how the contract expressed the parties' agreement on how damages would be calculated if the contract was breached.

The Court's lack of jurisdiction renders moot Mr. Berg's concerns about the Government's actions, including whether the acts of the federal prosecutors were authorized. See Opp. 8-11. The Court cannot address the merit of Mr. Berg's complaint. The Court cannot regulate how the United States conducts criminal prosecutions. The Court cannot interfere with decisions regarding criminal forfeiture. All these issues have been removed from this Court's authority to entertain contract claims.

For these reasons, we respectfully request that the Court grant our motion to dismiss, for lack of subject matter jurisdiction to the extent the complaint alleges a breach of contract.

III. The Court Lacks Subject Matter Jurisdiction To Consider An Alleged Violation Of The Fifth Amendment When That Claim Is Premised Upon The Facts Surrounding, And An Interpretation Of, A Plea Agreement In A Criminal Case

Mr. Berg fails to address any authority that supports our motion to dismiss the takings theory of the complaint. Compare Opp. at 12-13 with Mot. at 7-11 Mr. Berg's silence on this point supports granting our motion to dismiss.

The parties dispute whether the Government, after seizing the unforged sports memorabilia as part of a criminal investigation, could retain the unforged sports memorabilia after the criminal prosecution concluded.[3] Contrary to what Mr. Berg asserts

[3] In ruling upon our motion to dismiss for lack of subject matter jurisdiction, whether the complaint asserts that "the Government took private property that was not covered by the plea agreement," Opp. at 12, is irrelevant. For the reasons stated in our

(Opp. at 12), the unforged sports memorabilia was subject to forfeiture. See 18 U.S.C. § 981 (civil forfeiture statute). Although the unforged sports memorabilia was forfeitable, the Government did not need to resort to a formal forfeiture proceeding because Mr. Berg surrendered any interest in the unforged sports memorabilia as part of his plea agreement. To determine whether Mr. Berg possesses an interest in the unforged merchandise requires an interpretation of the plea agreement. However, as stated in our motion and in this reply, this Court lacks the authority to interpret a plea agreement.

For these reasons, this Court lacks jurisdiction to entertain Mr. Berg's taking theory. The question of Mr. Berg's ownership of the unforged merchandise presents a legal question, to which the answer depends upon an interpretation of his plea agreement. This Court is not the proper forum to interpret his plea agreement, nor is this Court the proper forum to question the propriety of the Government's retention of the goods that were seized during a criminal investigation.[4] Therefore, this Court necessarily lacks the authority to address the merit of Mr. Berg's taking theory.

---

briefs, the Court lacks the authority to decide who owns the property.

[4] Mr. Berg notes that "the District Court quite correctly has noted that it does not have jurisdiction over Plaintiff's claims." Opp. 13. Although Mr. Berg does not provide support for this statement, the United States understands that Mr. Berg voluntarily dismissed a prior action pending in the United States District Court for the Northern District of Illinois. Moreover, a district court's determination that the Court of Federal Claims possesses jurisdiction to entertain a particular mater is not binding upon this Court, which is required to assess whether it possesses jurisdiction independently. See Bayship Mgmt., Inc. v. United States, 43 Fed. Cl. 535, 536 (1999) (citing Hambsch v. United States, 857 F.2d 763, 764 (Fed. Cir. 1988) (explaining that this court must make independent determinations of its own jurisdiction).

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the complaint be dismissed on the ground that the Court lacks subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attention: Classification Unit 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone (202) 307-6289
Facsimile (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

ERNEST Y. LING
Assistant United States Attorney
Northern District of Illinois
United States Department of Justice
219 South Dearborn St., 5th floor
Chicago, IL 606064

MICHAEL DUCLOS
Assistant General Counsel
Federal Bureau of Investigation
United States Department of Justice

Dated: March 30, 2004